UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

BATON ROUGE DIVISION

| | |
|---|---|
| BRANDON ROSHONG<br>                    Plaintiff | CIVIL ACTION NO. 3:09-cv-720 |
| VERSUS | JUDGE JAMES J. BRADY |
| CANAL INSURANCE COMPANY,<br>and JASON A. VAN ZILE D/B/A<br>J A VAN ZILE TRANSPORT<br>                    Defendants | MAGISTRATE DOCIA L. DARBY |

## ANSWER TO INTERVENTION

NOW INTO COURT, through undersigned counsel, comes and appears JASON A. VAN

ZILE d/b/a J A VAN ZILE TRANSPORT, who respectfully submits the following answer to the

intervention filed by JIMMIE FAYE ROSHONG:

I.

JASON A. VAN ZILE d/b/a J A VAN ZILE TRANSPORT generally denies each and every,

all and singular, the material allegations in the plaintiff's intervention and states that the same are

not true in whole or in part, and demands strict proof thereof.

FIRST DEFENSE

The plaintiff's intervention complaint fails to state a claim against Defendant herein upon

which relief can be granted.

SECOND DEFENSE

JASON A. VAN ZILE d/b/a J A VAN ZILE TRANSPORT now responds as follows to the

separately numbered paragraphs of the plaintiff's intervention:

1.

JASON A. VAN ZILE d/b/a J A VAN ZILE TRANSPORT admits that he has been named as a defendant in the intervention filed by JIMMIE FAYE ROSHONG; all other allegations contained in Paragraph 1 of the intervention are denied as written.

2.

Defendant in intervention admits that on May 8, 2009, Donnie L. Roshong was a tow truck operator for Nolen's Towing and Recovery when he was summoned to retrieve a disabled Toys-R-Us tractor trailer which had mechanical difficulties and became disabled on Interstate 49 in the northbound lanes of travel in the Parish of Natchitoches, and that the driver of this vehicle brought the vehicle to a stop at or near mile post 144.70; all other allegations contained in Paragraph 2 of the intervention are denied as written.

3.

Defendant admits that Donnie L. Roshong responded to a request to transport this disabled vehicle from the location along Interstate 49 in the northbound lanes of travel in the Parish of Natchitoches at or near mile post 144.70, and that he had attached the Toys-R-Us tractor to the wrecker vehicle; all other allegations contained in Paragraph 3 of plaintiff's intervention are denied as written.

4.

Defendant admits that on May 8, 2009, Jason A. Van Zile was operating a 2006 Peterbilt tractor that was transporting a loaded cattle trailer on Interstate 49 north in the Parish of Natchitoches; defendant further admits that a collision occurred involving the motor vehicle being operated by Jason Van Zile and the Toys-R-Us tractor trailer rig; all other allegations contained in Paragraph 4 of plaintiff's intervention are denied as written.

5.

Defendant admits that a collision occurred involving the motor vehicle being operated by Jason Van Zile and the Toys-R-Us tractor trailer rig, and that a fire resulted from this collision; all other allegations contained in Paragraph 5 of plaintiff's intervention are denied as written.

6.

Although Defendant denies liability for the subject accident, Defendant admits that this collision resulted in the death of Donnie L. Roshong; all other allegations contained in Paragraph 6 of plaintiff's intervention are denied as written.

7.

Defendant denies the allegations contained in Paragraph 8 of plaintiff's intervention to the extent these allegations attempt to set forth a legal conclusion; Defendant admits that Jason Van Zile had permission and authority to operate the 2006 Peterbilt at the time the subject incident occurred; all other allegations contained in Paragraph 7 of the plaintiff's intervention are denied as written.

8.

JASON A. VAN ZILE d/b/a J A VAN ZILE TRANSPORT admits that a policy of insurance was issued by CANAL INSURANCE COMPANY to its insured, but that said policy contains many terms, conditions, exclusions, limitations and modifications, as well as limits of coverage, and said policy is itself the best evidence of its contents all of which is specifically pleaded herein by reference thereto; all other allegations contained in Paragraph 8 of the plaintiff's intervention are denied as written.

9.

The allegations contained in Paragraph 9 of the plaintiff's intervention are denied as written.

10.

Defendant denies the allegations contained in Paragraph 10 of plaintiff's intervention to the

extent these allegations attempt to set forth a legal conclusion; Defendant further denies that Jason Van Zile was negligent or at fault for the subject incident, or that he violated any laws; all other allegations contained in Paragraph 10 of plaintiff's intervention are denied.

11.

The allegations contained in Paragraph 11 of plaintiff's intervention are denied.

12.

The allegations contained in Paragraph 12 of plaintiff's intervention are denied.

13.

Further answering, defendant herein aver that the damages complained of by plaintiff in her intervention were contributed to by the fault and negligence of other persons or third persons over whom defendant herein had no control and for whom defendant herein is not responsible. Such fault and negligence are pleaded as an absolute bar to recovery against defendant, or, alternatively, to reduce any such recovery by that percentage of fault attributed to said other persons or third persons.

14.

Defendant herein denies that JASON A. VANZILE was negligent or at fault or that his conduct caused or contributed to the accident or damages complained of by plaintiff.

15.

Alternatively, in the event any fault or negligence is found on the part of JASON A. VANZILE, that said fault and negligence was not a legal cause of the incident or damages described in plaintiff's intervention.

16.

Defendant further avers that it is entitled to and prays for a trial by jury as to all issues herein.

WHEREFORE, defendant, JASON A. VAN ZILE d/b/a J A VAN ZILE TRANSPORT, prays that after due proceedings are held, there be judgment herein in favor of the defendant against the plaintiff in intervention, JIMMIE FAYE ROSHONG, dismissing the demands of plaintiff in intervention at her cost.

Defendant further prays that this matter be tried by a jury as to all issues herein.

Defendant further prays for any and all orders necessary in the premises and for full, general and equitable relief.

Respectfully submitted,

STAMEY & MILLER, L.L.C.
Attorneys at Law
727 Second Street
Post Office Drawer 1288
Natchitoches, Louisiana 71458
(318) 352-4559

BY:   s/ Joseph B. Stamey
       JOSEPH B. STAMEY - #17815 (TA)
       Attorneys for Jason A. Van Zile d/b/a J A Van
       Zile Transport

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on opposing counsel, Mr. Mark F. Vilar, Ms. Barbara B. Melton and Mr. Christopher L. Whittington, by either electronic means or by placing a copy of same in the U.S. Mail, postage pre-paid and properly addressed this 16th day of October, 2009.

s/ Joseph B. Stamey
JOSEPH B. STAMEY - #17815 (TA)
OF COUNSEL