# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON ROSHONG** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 09-720-JJB-DLD** |
| **CANAL INSURANCE COMPANY, ET AL** | |

## ORDER

This wrongful death and survival action is before the court on a motion to intervene filed by Sandra Roshong (rec. doc. 36). The motion is opposed by plaintiff intervenor Jimmie Faye Roshong (rec. doc. 42).

### Background

On May 8, 2009, a Toys-R-Us tractor trailer experienced mechanical problems and became disabled in the northbound lanes of Interstate 49 in the Parish of Natchitoches (rec. doc. 1). The driver of the Toys-R-Us tractor trailer moved the vehicle onto the shoulder of the road and requested assistance from Nolan's Wrecker Service. Donnie L. Roshong, an employee of Nolan's Wrecker Service, arrived at the location of the disabled Toys-R-Us tractor trailer and climbed under the Toys-R-Us tractor trailer to hook the tractor trailer up to his wrecker. Id. At the same time, Jason A. Vanzile d/b/a J A Vanzile Transport was operating a tractor trailer loaded with cattle in the northbound lane of Interstate 49. Vanzile's vehicle collied with the Toys-R-Us tractor trailer and the towing tractor that were located on the shoulder of Interstate 49. Id. Donnie L. Roshong was killed as a result of the collision.

Brandon Roshong, as the only living child of Donnie L. Roshong, brought a survival action and a wrongful death action against Jason A. Vanzile d/b/a J A Vanzile Transport and Canal Insurance Company, the liability insurer of Jason A. Vanzile d/b/a J A Vanzile

Transport (rec. docs. 1 and 35). On November 9, 2009, Jimmie Faye Roshong intervened in the action pursuant to Fed. R. Civ. P. 24(a) alleging that she is the surviving spouse of Donnie L. Roshong and, therefore, is entitled to bring the wrongful death and survival actions pursuant to La. Civ. Code arts. 2315.1 and 2315.2 (rec. docs. 5 and 20). On March 1, 2010, Sandra Roshong filed a motion to intervene of right pursuant to Fed. R. Civ. P. 24(a), which is now before the court for consideration (rec. doc. 36).

**Arguments of the Parties**

Sandra Roshong alleges in her complaint in intervention that she and Donnie L. Roshong were married on September 7, 1979, and remained married until Donnie L. Roshong's death (rec. doc. 36). Further, Sandra Roshong alleges that she is the only legal surviving spouse of Donnie L. Roshong and, therefore, is within the class of persons eligible to bring a survival action and a wrongful death action as a result of the death of Donnie L. Roshong.

Jimmie Faye Roshong responds to Sandra Roshong's motion to intervene by arguing that she, not Sandra Roshong, is the "surviving spouse" of Donnie L. Roshong (rec. doc. 42). In support of her position, Jimmie Faye Roshong offers proof that she and Donnie L. Roshong were married on December 15, 1999 (rec. doc. 42-3, Exhibit C). Additionally, Jimmie Faye Roshong offers the September 22, 2001, marriage certificate of Sandra Lee Brister and Hermon Dwight Ashworth and the September 20, 2001, application for a marriage certificate on which Sandra Lee Brister stated that she was previously married to "Donny Roshong" and Michael Wologo. (rec. doc. 42-1, Exhibits A and B). Jimmie Faye Roshong argues that this evidence proves that Sandra Lee Brister a/k/a Sandra Roshong was married to Hermon Dwight Ashworth after her marriage to Donnie

Roshong; therefore, Sandra Roshong could not be the "surviving spouse" of Donnie Roshong.

### Applicable Law and Discussion

An intervention of right pursuant to Fed. R. Civ. P. 24(a)(2) is allowed when the following factors are satisfied: (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parities to the suit. *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001). Failure to meet any one of these requirements precludes intervention under Rule 24(a)(2). *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996).

This action was originally filed on September 9, 2001, and Jimmie Faye Roshong intervened as a plaintiff in this action on November 9, 2009. There is no objection to the timeliness of Sandra Roshong's motion to intervene, and the intervention will not prejudice the parties because discovery is ongoing and the pre-trial deadlines have not expired. Thus, Sandra Roshong's motion to intervene is timely.

All three potential plaintiffs assert claims for survival, the damages sustained by Donnie L. Roshong, and wrongful death, the damages sustained by them as a result of Donnie L. Roshong's death, pursuant to La. Civ. Code arts. 2315.1 and 2315.2. To recover under claims for survival and wrongful death, a plaintiff must fall within the class of persons designated as a beneficiary specifically outlined in La. Civ. Code arts. 2315.1 and 2315.2. *Turner v. Busby*, 883 So.2d 412 (La. 2004). Both the survival and wrongful death actions

may be brought first by "[t]he surviving spouse and child or children of the deceased, or either the spouse or child or children of the deceased." See La. Civ. Code arts. 2315.1(A)(1) and 2315.2(A)(1).

Based on the record, both Sandra Roshong and Jimmie Faye Roshong each separately alleges that she is the sole "surviving spouse" of Donnie L. Roshong, and thus is eligible to bring the survival and wrongful death actions as a result of the death of Donnie L. Roshong. Pursuant to Louisiana law, a married person may not contract another marriage as an existing marriage constitutes a legal impediment to marriage. See La. Civil Code arts. 87 and 88. Marriage terminates upon the death of either spouse, divorce, judicial declaration of nullity, or upon the issuance of a court order authorizing the spouse of a person presumed dead to remarry. See La. Civil Code art. 101. Thus, Louisiana law will not recognize *both* Sandra Roshong and Jimmie Faye Roshong as the "surviving spouse" of Donnie L. Roshong.

Although there is evidence in the record to indicate that Jimmie Faye Mars was married to Donnie L. Roshong on December 15, 1999, there is no evidence to prove that the alleged September 7, 1979, marriage between Sandra Roshong and Donnie L. Roshong was ever terminated, i.e., proof of divorce. Additionally, the September 22, 2001, marriage certificate of Sandra Lee Brister and Hermon Dwight Ashworth and the September 20, 2001, application for a marriage certificate on which Sandra Lee Brister stated that she was previously married to "Donny Roshong" and Michael Wologo do not prove that "Sandra Lee Brister" is Sandra Roshong or that the marriage between Sandra Roshong and Donnie L. Roshong was legally terminated (rec. doc. 42-1, Exhibits A and B).

At this time, there are competing claims for survival and wrongful death benefits, but

no definitive evidence to identify the "surviving spouse" of Donnie L. Roshong and to establish who, Sandra Roshong or Jimmie Faye Roshong, is within the class of persons eligible to bring the survival and wrongful death actions arising out of the death of Donnie L. Roshong.  If Sandra Roshong is the "surviving spouse" of Donnie L. Roshong, as she alleges, she would be in the class of persons eligible to bring a survival action for the damages sustained by the deceased and a wrongful death action for her damages, and it would be necessary for her to intervene in the instant action to protect her interest.

Based on the allegations in Sandra Roshong's complaint of intervention, and in the absence of evidence proving that her marriage to Donnie Roshong was terminated, she has an interest in this action and should be allowed to intervene.  The parties may file subsequent motions and present additional evidence to establish who is the proper party to bring the survival and wrongful death actions arising out of the death of Donnie L. Roshong.

Accordingly,

**IT IS ORDERED** that Sandra Roshong's motion to intervene (rec. doc. 36) is **GRANTED**, and Sandra Roshong be allowed to file a complaint in intervention in this matter.

Signed in Baton Rouge, Louisiana, on March 30, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**